UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DELORES CREWS, As Personal
Representative of the Estate of Joyce Denise
Crews, Deceased Plaintiff,

       Plaintiff,

vs.                                          Case No.  3:05-cv-1288-J-12MCR

GLENN HENSLEY, Individually and GARY D.
STANLEY, Individually,

       Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Defendants' Consented Motion to Obtain 911 Emergency Phone Calls (Doc. 13) filed June 7, 2006.  This case centers around a motor vehicular accident which resulted in the death of Joyce Denise Crews.  (Doc. 2). Defendants represent that the parties have diligently investigated the accident in an attempt to locate any third party witnesses, albeit unsuccessfully.  Although the parties did not contact authorities immediately following the accident, the Florida Highway Patrol and Columbia County Sheriff's Office responded to the scene.  (Doc. 13). Therefore, Defendants presume some unknown person(s) phoned 911 for assistance, and insofar as any third party witness or witnesses exist, such person(s) may know information relevant to the issues in this case.  Id.  As such, Defendants request this Court issue an order authorizing the release of any 911 phone calls relevant to this case.  Id.  Defendants represent Plaintiff's counsel does not oppose this Motion.  Id.

Florida Statute §365.171 exempts the names and other identifying information of 911 callers from the public disclosure requirements of the Public Records Act, except that such information can be disclosed to a public safety agency.  FLA. STAT. §365.171 (2005).  Thus, Defendants seek a Court order compelling the Columbia County Office of Emergency Management to release, to the parties, the recordings of any and all 911 emergency phone calls related to the motor vehicular accident at issue in this case.  (Doc. 16-2).  Defendants further state that such in formation is relevant to the claims and defenses of the parties and that Fed. R. Civ. P. 26(b) authorizes such an order by this Court.  (Doc. 16, p. 2).

It is clear that the identity of any callers, who may have made 911 emergency phone calls related to the accident in this matter, is exempted from public disclosure; however, courts may order a governmental or law enforcement agency to open its records for the purpose of providing information that is exempt from disclosure under the Florida Public Records Act.  <u>Henderson v. Perez</u>, 835 So. 2d 390, 392 (Fla. 2d DCA 2003).  Such confidential records are discoverable upon a showing of "exceptional necessity" or "extraordinary circumstances."  <u>Id</u>.  (citing <u>Department of Highway Safety & Motor Vehicles v. Krejci Co. Inc.</u>, 570 So. 2d 1322 (Fla. 2d DCA 1990)).

Courts have ordered disclosure of exempt records in cases where the parties have shown a compelling interest in seeking the production of records.  For instance, in <u>Krejci Co.</u>, the trial court found that the defendant's defense in a personal injury action depended on the discovery of the driver's license photographic records of the plaintiff and her sister, and although such records were exempt from Florida's Public Records Act, the court found defendant had a compelling interest in seeking such documents.

570 So. 2d at 1324.  Specifically, the court stated, "[a]lthough we conclude that the . . . records are exempt from public inspection, we do not agree that the legislature intended such records to be free from discovery in a civil action under appropriate circumstances. Id. at 1323-24.  Thus, the trial Court authorized discovery of the documents and the appellate court affirmed.  Id. at 1325.

In the instant case, the parties have been unable to determine whether any witnesses to the accident exist, despite their best efforts.  Thus, they seek information which is not readily obtainable from any other source.  Moreover, the information is relevant and perhaps essential to the resolution of their dispute.  As such, the Court finds exceptional circumstances exist and the parties have a compelling interest in discovering the identity of any persons who may have made 911 phone calls relating to the accident at issue in this case.

Accordingly, it is

**ORDERED**:

1.     The Columbia County Office of Emergency Management is authorized to release, to the parties, recordings and identifying information of any and all 911 emergency phone calls reporting or otherwise related to the traffic accident occurring in Columbia County, Florida, in the area of the I-75 and I-10 exchange on March 31, 2004, at approximately 10:20 p.m.

2.     Insofar as any related recordings exist, the Columbia County Office of Emergency Management may determine the logistics of releasing such information and may order the parties to appear at its office at a designated date and time, in the near future, for the purpose of inspecting such recordings without the presence of any

additional persons.  Alternatively, it may produce copies of such recordings to the parties.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  13th  day of June, 2006.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record